Filed 12/15/25  P. v. Wills CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK DAVID WILLS,<br><br>    Defendant and Appellant. | D085789<br><br><br><br>(Super. Ct. No. SCE429847) |


APPEAL from a judgment of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Mark David Wills appeals the judgment entered following his guilty plea to petty theft with two or more prior theft convictions.  His appointed counsel filed a brief in which he raised no claims of error and invited us to review the record independently for error.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)

We have done so and found no error requiring reversal or modification of the judgment.  We therefore affirm.

## BACKGROUND

In January 2025, the People charged Wills with robbery (Pen. Code,[1] § 211) and petty theft with two or more prior theft convictions.  (§ 667, subd. (a).)  Wills pleaded guilty to the petty theft count and admitted two prior convictions pursuant to section 666.1.  The court accepted his plea.

In March 2025, Wills agreed to be sentenced by a different judge, waiving his rights under *People v. Arbuckle* (1978) 22 Cal.3d 749, 756.  The court suspended imposition of his sentence and placed him on probation for two years, subject to certain terms and conditions.  It ordered him to county jail for 365 days, awarded him a total of 92 days of credits and authorized him to be released to a residential treatment program after 90 days.  The court also imposed various fines and fees.

Wills filed a timely notice of appeal.

Appellate counsel filed a brief in which he summarized the proceedings, raised no claims of error, and asked us to review the record independently for error.  (See *Wende, supra*, 25 Cal.3d at p. 441 [appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].)  We advised Wills he could file a supplemental brief, but he did not.

## DISCUSSION

To assist the court in its review and in compliance with *Anders, supra*, 386 U.S. 738, counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

---

[1]     All further statutory references are to the Penal Code.

2

1.	Whether the trial court erred, over Wills's objection, in imposing several gang-related probation conditions;

2.	Whether the trial court erred, over Wills's objection, in imposing a probation condition requiring him to submit to search of his computers and recordable media; and

3.	Whether the trial court erred, over Wills's objection, in imposing a probation condition requiring him not to be in places where alcohol is the main item for sale.

"We review conditions of probation for abuse of discretion." (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or exceeds the bounds of reason, all of the circumstances being considered." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 [cleaned up].)

In making a probation determination, the court may, in the interests of justice, impose reasonable conditions, such "that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (§ 1203.1, subd. (j).) The trial court's discretion in ordering probation conditions is broad but "must serve a purpose specified in Penal Code section 1203.1." (*Olguin, supra*, 45 Cal.4th at p. 379). As explained in *Olguin*, a condition of probation will not be held invalid unless (1) it has no relationship to the crime of conviction, (2) it relates to conduct which is not in itself criminal, and (3) it requires or forbids conduct which is not reasonably related to future criminality. (*Ibid.*) "[A]ll three prongs must be satisfied before a reviewing court will invalidate a probation term. . . . As such, even if a condition of probation has no relationship to the

3

crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Id.* at pp. 379–380 (citations omitted).)

Here, the trial court did not abuse its discretion in imposing these probation conditions. Wills previously admitted to having a gang affiliation. Because he has a "moniker" and "was affiliated with the gang in his juvenile record," the probation officer requested the gang conditions remain so Wills could "be monitored." As the probation officer pointed out, "If he doesn't have any gang affiliation, then there would be no issues with those conditions." The court specifically found "a nexus to justify . . . the gang conditions."

The probation department also requested the probation condition requiring Wills to submit to search of his electronic devices "to ensure [Wills] doesn't have any gang affiliation." It was also a reasonable means to ensure Wills did not endeavor to contact his victim, in violation of the court's no-contact order.

Finally, the court authorized Wills to be released to a residential treatment program because, as Wills's counsel explained, "the underlying struggle in his life" is "a substance abuse disorder." As such, it was reasonable for the court to impose the probation condition requiring him to avoid places where alcohol is the main item for sale.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Wills on this appeal.

## DISPOSITION

The judgment is affirmed.


                                                                    DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.